UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ROLANDO VILLAREAL,

   *Plaintiff*,

v.                                                           Case No. SA-22-CV-1008-JKP-ESC

MARRIOTT HOTEL
SERVICES, INC.,[1]

   *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is a *Motion to Dismiss* (ECF No. 24) filed by Defendant Marriott Hotel Services, Inc. ("Defendant"). Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant seeks dismissal of this case. With the filing of Plaintiff's response (ECF No. 26) and Defendant's reply (ECF No. 27), the motion is ripe for ruling. For the reasons that follow, the Court grants the motion in part.

### I. BACKGROUND[2]

In his amended complaint, Plaintiff asserts three related claims against Defendant: (1) negligence (vicarious liability), negligence (direct liability for negligent activity), and premises liability. *See* ECF No. 17 ¶¶ 9-17. Viewed in the light most favorable to him, Plaintiff alleges that, as he exited his vehicle, he slipped on the pavement of Defendant's property due to an unspecified dangerous and defective condition. *Id*. ¶¶ 5-7. He alleges that the area of the incident had no warning signs and that he was not aware of the dangerous and defective condition. *Id*. ¶ 7. He alleges that he was an invitee on the property and that Defendant "knew or should have known" of the unreasonable dangerous condition and neither corrected nor warned him of it. *Id*. ¶ 8. In addition,

---

[1] Based upon a filed stipulation of dismissal (ECF No. 19) and a resulting order (ECF No. 23), Defendant Marriott Hotel Services, Inc. is the only remaining defendant in this case.

[2] The operative pleading provides the background facts, which the Court views in the light most favorable to Plaintiff as required under Fed. R. Civ. P. 12(b)(6).

Plaintiff alleges that Defendant "either created the condition and/or failed to correct the condition or to war[n] Plaintiff about the dangerous condition." *Id*.

Within the asserted claims, Plaintiff also alleges that Defendant and its employees owed specific duties that were breached through various failures, including not (a) warning of the dangerous condition, (b) properly maintaining or inspecting the area of the incident or the relevant valet area, (c) discovering and removing or remediating the dangerous condition within a reasonable time, (d) using the care of a reasonably prudent person under the same or similar circumstances, and (e) properly training employees. *Id*. ¶¶ 10-11. As for the premises liability claim, Plaintiff alleges that Defendant breached its duty to protect him from an unreasonable risk of harm that Defendant should have discovered through the exercise of ordinary care. *Id*. ¶ 12.

Defendant moves to dismiss the direct and vicarious liability claims on grounds that Plaintiff has alleged no facts to establish any contemporaneous negligent activity needed for such a claim. Mot. at 1. It moves to dismiss the premises liability claim because Plaintiff has not alleged facts to show that it had the requisite actual or constructive knowledge of the allegedly dangerous condition. *Id*. at 1-2.

## II. APPLICABLE LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(6), litigants may move to dismiss asserted claims for "failure to state a claim for which relief can be granted." As required by Fed. R. Civ. P. 8(a)(2), every pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Such requirement provides opposing parties "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

When ruling on a motion to dismiss, courts "accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff." *White v. U.S. Corr., LLC*, 996 F.3d 302, 306-07 (5th Cir. 2021). But courts "do not accept as true conclusory

allegations, unwarranted factual inferences, or legal conclusions." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (citations and internal quotation marks omitted). And despite the natural focus on the allegations of the operative pleading, the party moving for dismissal under Rule 12(b)(6) has the burden to show that dismissal is warranted. *Cantu v. Guerra*, No. SA-20-CV-0746-JKP-HJB, 2021 WL 2636017, at *1 (W.D. Tex. June 25, 2021).

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (citation omitted). Nevertheless, plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). Plaintiffs need not plead the legal basis for a claim, but they "must plead facts sufficient to show that [the] claim has substantive plausibility." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam). And they satisfy that standard when they allege "simply, concisely, and directly events" that are sufficient to inform the defendant of the "factual basis" of their claim. *Id*.

Facts alleged by the plaintiff must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

> To withstand a motion to dismiss under Rule 12(b)(6), a complaint must present enough facts to state a plausible claim to relief. A plaintiff need not provide exhaustive detail to avoid dismissal, but the pleaded facts must allow a reasonable inference that the plaintiff should prevail. Facts that only conceivably give rise to relief don't suffice. Thus, though [courts] generally take as true what a complaint alleges, [they] do not credit a complaint's legal conclusions or threadbare recitals of the elements of a cause of action.

*Smith v. Heap*, 31 F. 4th 905, 910 (5th Cir. 2022) (quoting *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1150 (5th Cir. 2021)). As *Twombly* states, to avoid dismissal under Rule 12(b)(6), plaintiffs must allege facts that "nudge" an asserted claim "across the line from conceivable to plausible." 550 U.S. at 570. The focus is not on whether the plaintiff will ultimately prevail, but

3

whether the Court should permit that party to present evidence to support adequately asserted claims. *Id.* at 563 n.8. Further, determining plausibility is a "context-specific task," that courts perform in light of their "judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### III. APPLICABLE LAW

"Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *accord Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Because jurisdiction in this case is based on diversity of citizenship, *see* ECF No. 17 ¶ 4, the Court must "apply Texas law," *Ocwen Loan Servicing, LLC v. Berry*, 852 F.3d 469, 473 (5th Cir. 2017); *accord West v. Conrail*, 481 U.S. 35, 39 n.4 (1987). The parties agree that Texas law applies to this diversity action.

### IV. ANALYSIS

Texas law provides "two theories of liability available to injured invitees." *Olivarez v. Wal-Mart Stores Tex., LLC*, No. 5:21-CV-0840-OLG, 2023 WL 3035416, at *3 (W.D. Tex. Feb. 7, 2023) (recommendation of Mag. J.) *accepted by* 2023 WL 3035407 (W.D. Tex. Mar. 2, 2023).

> Depending on the circumstances, a person injured on another's property may have either a negligence claim or a premises-liability claim against the property owner. When the injury is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles apply. When the injury is the result of the property's condition rather than an activity, premises-liability principles apply.

*Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016). "Negligence and premises liability claims thus are separate and distinct theories of recovery, requiring plaintiffs to prove different, albeit similar, elements to secure judgment in their favor." *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017). These claims "are based on independent theories of recovery" and "are not interchangeable." *Id.*

A plaintiff may pursue a negligence action on various theories, including negligent activity. *Austin v. Kroger Tex. LP*, 746 F.3d 191, 196 (5th Cir. 2014) (per curiam) (discussing "negligent activity and failure to provide necessary instrumentalities"). "To prevail on [a] negligence cause

4

of action, [the plaintiff] must establish the existence of a duty, a breach of that duty, and damages proximately caused by the breach." *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

"Although premises liability is itself a branch of negligence law, it is a 'special form' with different elements that define a property owner or occupant's duty with respect to those who enter the property." *Jenkins*, 478 S.W.3d at 644 (quoting *Urena*, 162 S.W.3d at 550). "Distinguishing between these two causes of action can be tricky: 'The lines between negligent activity and premises liability are sometimes unclear, since almost every artificial condition can be said to have been created by an activity.'" *Austin*, 746 F.3d at 196 (quoting *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010)). Under Texas law, a premises liability claim has four elements:

> (1) Actual or constructive knowledge of some condition on the premises by the owner/operator;
>
> (2) That the condition posed an unreasonable risk of harm;
>
> (3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and
>
> (4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

*Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992).

For an invitee plaintiff, "the premises liability inquiry focuses on whether [the defendant] proximately caused [the plaintiff's] injuries by failing to use ordinary care to reduce or to eliminate an unreasonable risk of harm created by a premises condition that it knew about or should have known about." *Urena*, 162 S.W.3d at 550. "Under premises-liability principles, a property owner generally owes those invited onto the property a duty to make the premises safe or to warn of dangerous conditions as reasonably prudent under the circumstances." *Jenkins*, 478 S.W.3d at 644.

While Plaintiff's amended complaint is short on some details, the question is whether he has made enough factual allegations to state a plausible premises liability and/or negligent activity claim in the context of this case. Using their judicial experience and common sense, courts may

5

permit some leniency when a party pleads matters within the knowledge of the defendant. Indeed, the Fifth Circuit has recognized that, although the plausibility standard set out in *Twombly* and *Iqbal* "applies to all civil actions," that standard "does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant . . . or where the belief is based on factual information that makes the inference of culpability plausible." *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018) (omitting internal quotation marks and quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (citations omitted)).

In *Innova*, the Fifth Circuit strived to strike a proper balance between the realities of certain litigation, in which relevant information for stating a claim is within the control and possession of the defendant, and the widely recognized principle that federal discovery is not a fishing license whereby a plaintiff may simply fish for some evidence of wrongdoing. *See id*. at 729-31. Its "holding underscores the principle that when discoverable information is in the control and possession of a defendant, it is not necessarily the plaintiff's responsibility to provide that information in her complaint." *Id*. at 730. Such holding does not dispense with a need of plaintiffs to "exercise due diligence in pleading factual information." *Id*. Plaintiffs "must offer sufficient factual allegations to show that [they are] not merely engaged in a fishing expedition." *Id*. (quoting *Braden* v. *Wal-Mart Stores, Inc.*, 588 F.3d 585, 598 (8th Cir. 2009)). Courts, nevertheless, must also consider plaintiffs' "limited access to crucial information." *Id*. (same). Key to surviving a Rule 12(b)(6) motion to dismiss is to plead enough factual allegations in the operative pleading "to allow a court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. (quoting *Iqbal*, 556 U.S. at 678).

To make a reasonable inference from alleged facts "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" sufficient to state a claim. *Twombly*, 550 U.S. at 556. Consistent with that principle, for claims requiring knowledge on the part of the

6

defendant, the plaintiff must allege enough facts to raise a reasonable expectation that discovery will reveal evidence of the required knowledge.

Defendant argues that, at no point in his operative pleading does Plaintiff make any allegation on "information and belief." Reply at 2-3. However, when "allegations in the complaint are not based upon [a plaintiff's] personal knowledge," they are "necessarily pleaded on 'information and belief,' although not labeled as such." *ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 351 (5th Cir. 2002). Given that principle, the Court views Plaintiff's allegations regarding Defendant's knowledge as based on information and belief. The Court thus has no qualms that Plaintiff has stated enough to satisfy the knowledge element for a premises liability claim. Similarly, he has stated enough facts as to the third and fourth elements of such a claim.

The issue the Court sees is whether Plaintiff has alleged enough facts to support a finding that the condition plausibly posed an unreasonable risk of harm. The operative complaint makes no attempt to identify the condition – it merely alleges that Plaintiff fell on the pavement at the premises. In response to the motion, Plaintiff asserts that he "slipped on wet pavement controlled by the Defendant." Resp. at 2. But the allegation of wetness is not within Plaintiff's pleading.

Based on a case cited by Plaintiff, the Court finds the missing detail unnecessary to state a claim. *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 499 (5th Cir. 2015). In *Wooten*, the Fifth Circuit addressed whether an entered default judgment was "supported by well-pleaded allegations" by "drawing meaning from the case law on Rule 8, which sets forth the standards governing the sufficiency of the complaint." *Id*. *Wooten* recognized that the "complaint could have specified the nature of the discrimination and the retaliation [plaintiff] experienced but his allegations [we]re not so vague that [the defendant] lacked notice of the contours of [the] claim." *Id*. And in doing so, the Fifth Circuit noted "a sample complaint for negligence" that contains far less detail than setting out all elements of a negligence claim. *Id*. It recognized that "all elements of the cause of action are present by implication" from the details provided in the form. *Id*.

Although the Court will not consider an allegation stated only in the briefing, it will find, on the circumstances of this case, that all elements of a premises liability claim are present by implication through the allegations of Plaintiff's pleading. Plaintiff has done more than simply allege legal conclusions or threadbare recitals of the elements of a premises liability claim. This is not a case where Defendant lacks notice of the contours of that claim such that the Court should dismiss the claim. Plaintiff alleges that Defendant allowed slippery conditions to be present on its premises. This is a run-of-the-mill slip-and-fall case alleged to have occurred in August 2021 on Defendant's premises. While it would be better for Plaintiff to have specified the nature of the condition that created the unreasonable risk of harm, that detail is not required under *Wooten*. As the Supreme Court has recognized, it is unnecessary to provide specific facts, the pleading must simply provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

Further, were the Court to find the factual allegations insufficient to state a premises liability claim, it would permit Plaintiff to amend his allegations with more specifics. At this point, however, all parties know the underlying basis for Plaintiff's premises liability claim. Defendant can secure additional detail through the normal discovery process. From Plaintiff's allegations, it is clear that he is not merely engaging in a fishing expedition.

Plaintiff's negligent activity claim has even less factual detail. He makes no specific allegation of any ongoing, contemporaneous activity that resulted in his injuries. Although ordinary negligence principles apply to a negligent activity claim, plaintiffs must support such a claim with an allegation of negligent activity. Here, Plaintiff's amended complaint is simply devoid of any such allegation. The Court exercised appropriate leniency as to Plaintiff's premises liability claim. But to find that Plaintiff has made enough factual allegations to sustain a negligent activity claim would go beyond the realm of reasonable and appropriate leniency. There is no factual allegation that permits the Court to reasonably infer that Plaintiff has a plausible negligent activity claim.

As part of its overview of Texas premises liability law, Defendant states that "[a] plaintiff cannot pursue both a both a negligent activity and a premises defect theory of recovery based on the same injury." Mot at 6-7 (citing *Austin*, 746 F.3d at 197). This statement needs some clarification so as to avoid a potential misperception.

In *Austin*, the Fifth Circuit indeed concluded that the plaintiff there could not pursue both claims. 746 F.3d at 197. In doing so, it "agree[d] with the district court that Austin's 'injuries are properly conceived as resulting from a condition on the premises rather than an ongoing activity.'" *Id*. at 196. Notably, the district court made its findings on summary judgment, not a motion to dismiss. *See id*. at 194. To be sure, "[r]ecovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). But in *Keetch*, the Texas Supreme Court addressed whether the trial court properly refused to submit a negligent activity theory of liability to the jury. *Id*. at 263-64. Although a plaintiff cannot recover on both types of claims for the same injury, that does not mean that plaintiffs may not assert both claims as alternative theories of recovery depending on how the actual facts develop.

If a plaintiff has enough factual allegations as to both claims, he or she may simultaneously pursue a premises liability claim with a negligent activity claim. At the pleading stage, the actual facts may be uncertain, but they are viewed in the light most favorable to the plaintiff. Plaintiffs may appropriately plead both claims. If facts ultimately show that the claim is one for premises liability rather than negligent activity, then the plaintiff may not proceed on both claims in face of properly supported motion for summary judgment. A motion to dismiss, however, involves a much more lenient standard applicable for pleading claims.

Nevertheless, even under that more lenient standard, Plaintiff here has failed to state a negligent activity claim. As the Texas Supreme Court has set out:

> In a negligent-activity case, a property owner or occupier must "do what a person

9

> of ordinary prudence in the same or similar circumstances would have . . . done," whereas a property owner or occupier in a premises liability case must "use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition which the owner or occupier [of land] knows about or in the exercise of ordinary care should know about." Underpinning the distinctions between these claims is the principle that "negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." Generally, a plaintiff need only submit a general-negligence question in support of its claim for a defendant's liability under a negligent-activity theory. For a premises liability defendant to be liable for a plaintiff's injury, however, we held in *Corbin v. Safeway Stores, Inc.*, that a plaintiff must prove [four elements].

*United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017) (citations omitted). While the difference between the two types of claims is more about what a plaintiff must prove than what the plaintiff must allege in a pleading sufficient to withstand a motion to dismiss, a negligent activity claim requires some allegation of malfeasance. Allegations of nonfeasance may support a premises liability claim, but not a negligent activity claim. For a plaintiff to plead the latter claim sufficiently, there must be a malfeasance allegation based on affirmative, contemporaneous conduct. Such an allegation is missing from the amended complaint in this case.

Undoubtedly, there is a difference between recovery and the initial sufficiency of the pleadings. Surviving a Rule 12(b)(6) motion to dismiss is a matter of pleading sufficiency. It does not matter whether the plaintiff will ultimately succeed on an asserted claim. And at the pleading stage, plaintiffs may pursue inconsistent or alternate theories of recovery provided that they make sufficient factual allegations as to both theories or claims. In this case, however, Plaintiff simply fails to make enough factual allegations to make his negligent activity claim plausible. He wants the Court to infer too much to fill-in a sizeable omission in his pleading. When faced with weak allegations, courts often require the defense to challenge the claim at summary judgment based upon the evidence. But here, the allegations as to negligent activity are beyond weak – Plaintiff utterly fails to make any factual allegation of any affirmative, contemporaneous conduct. Accordingly, the Court grants the instant motion as to the negligent activity claim.

The Court could allow Plaintiff to amend his complaint again. But based on the briefing and the operative pleading, Plaintiff has no additional factual allegations to make to support a negligent activity claim. The Court thus declines to permit an amendment at this point. Should facts emerge during discovery as to a negligent activity claim, the Court may revisit the propriety of amendment on a properly filed motion for leave to amend.

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** the *Motion to Dismiss* (ECF No. 24) filed by Defendant Marriott Hotel Services, Inc. The Court dismisses Plaintiff's negligent activity claim, which his direct and vicarious liability claims encompass. It otherwise denies the motion and allows the premises liability claim to proceed. In accordance with Fed. R. Civ. P. 12(a)(4)(A), Defendant must file an answer to the amended complaint within fourteen days of the date of this order. Because the Court has dismissed the negligent activity claim, Defendant has no need to answer the direct or vicarious liability claims forming Plaintiff's negligent activity claim.

**IT IS SO ORDERED this 28th day of June 2023.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**